UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
**www.flsb.uscourts.gov**

In re:

Reynol Nieto

Case No.   13-26883-AJC

Chapter 7

_____/

## TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

**Any interested party who fails to file and serve a written response to this motion within <u>21 days</u> after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion.  Any scheduled hearing may then be canceled.**

COMES NOW, Maria M. Yip, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Reynol Nieto (the "Debtor"), moves the (the "Motion"), pursuant to Federal Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation") entered into by and between the Trustee and the Debtor.  In support of the Motion, the Trustee states as follows:

### Background and Jurisdiction

1. On Jul 18, 2013 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.  Maria M. Yip was appointed as Chapter 7 Trustee.

2. The Trustee has evaluated the Debtor's property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate.  The details of the analysis and agreement are set forth in the Stipulation, attached hereto as Exhibit "A".

3.      The Stipulation provides for repurchase of certain of the Debtor's non-exempt assets, (the "Settlement").

4.      Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## Legal Standard for Settlement

6.      Bankruptcy Rule 9019(a) provides: "On motion....and after a hearing on notice to creditors, the debtor.... and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.)(citing *Rivercity v. Herpel (in re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762F.2d 185, 189 (2nd Cir. 1985); *In re Prudence Co.*, 98 F.2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Roddman (in re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

9.      According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)      The probability of success in litigation;
(b)      The difficulties, if any, to be encountered in the matter of collection;
(c)      The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d)      The paramount interest of the creditors and a proper defense to their reasonable views in the premises.

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 12544 (11ᵗʰ Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10.        The Trustee believes that the proposed settlement meets the standards set forth in *In re Jackson Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B".

**WHEREFORE**, Maria M. Yip, as Chapter 7 Trustee of the Bankruptcy Estate of  Reynol Nieto and , respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be served to all parties on the attached service list and was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on September 26, 2013:

Atlas Acquisitions
bk@atlasacq.com

Lisa DiSalle, Esq on behalf of Creditor The Bank of New York Mellon f/k/a The Bank of New York
FLSDBKNOTICES@QPWBLAW.COM

Jed L Frankel on behalf of Creditor Formalis Condominium Association, Inc.
jfrankel@eisingerlaw.com, sorta@eisingerlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Guillermo Pesant, Esq on behalf of Debtor Reynol Nieto
pesantg@bellsouth.net

Signed:    /s/ Maria M. Yip, Trustee
                Maria M. Yip, Trustee
                201 Alhambra Circle, Suite 501
                Coral Gables, FL 33134
                Telephone: 305-908-1862
                Facsimile:  786-800-3903
                trustee@yipcpa.com

Label Matrix for local noticing
113C-1
Case 13-26883-AJC
Southern District of Florida
Miami
Thu Sep 26 12:31:18 EDT 2013

Atlas Acquisitions
294 Union St
Hackensack, NJ 07601-4303

Formalis Condominium Association, Inc.
Eisinger, Brown, Lewis, Frankel & Chaiet
Jed L. Frankel, Esq.
4000 Hollywood Boulevard
Suite 265-S
Hollywood, FL 33021-6782

ARS National Services, Inc.
PO Box 469046
Escondido, CA  92046-9046

Ally Financial
200 Renaissance Ctr
Detroit, MI  48243-1300

American Express
PO Box 297871
Fort Lauderdale, FL  33329-7871

Amex Dsnb
9111 Duke Blvd
Mason, OH  45040-8999

Cach, LLC/Square Two Financial
4340 S Monaco St 2nd Fl
Denver, CO 80237-3408

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Chase
PO Box 15298
Wilmington, DE  19850-5298

Chase
PO Box 24696
Columbus, OH  43224-0696

Citibank Citicorp Credit
PO Box 6241
Sioux Falls, SD  57117-6241

Citibank SD, N.A.
PO Box 6241
Sioux Falls, SD  57117-6241

Citibank SD, NA
PO Box 6241
Sioux Falls, SD  57117-6241

Clerk Of Courts, Code Enforcement
111 NW 1st St Ste 1750
Miami, FL  33128-1981

Dsnb Macys
9111 Duke Blvd
Mason, OH  45040-8999

EIS Collections
PO Box 1730
Reynoldsburg, OH  43068-8730

Gecrb/Sams Club
PO Box 965005
Orlando, FL  32896-5005

(p)HSBC BANK
ATTN BANKRUPTCY DEPARTMENT
PO BOX 5213
CAROL STREAM IL 60197-5213

Infiniti Fin Svcs
PO Box 660360
Dallas, TX  75266-0360

LTD Financial Services
7322 Southwest Fwy Ste 1600
Houston, TX 77074-2134

Miami-Dade County Solid Waste Management
2525 NW 62nd St 5th Fl
Miami, FL 33147-7715

Nissan-Infiniti LT
PO Box 660366
Dallas, TX  75266-0366

(p)NISSAN MOTOR ACCEPTANCE CORPORATION
LOSS RECOVERY
PO BOX 660366
DALLAS TX 75266-0366

Ocwen Loan
1661 Worthington Rd Ste 100
West Palm Beach, FL  33409-6493

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Robertson, Anschutz & Schneid, PL
6409 Congress Ave Ste 100
Boca Raton, FL  33487-2853

Sears/cbna
PO Box 6282
Sioux Falls, SD  57117-6282

Thd/cbna
PO Box 6497
Sioux Falls, SD  57117-6497

The Bureaus Inc
1721 Central St
Evanston, IL  60201-1507

Zakheim & Lavrar, P.A.
1045 S University Dr Ste 202
Plantation, FL  33324-3333

Zwicker & Associates, P.C.
10550 Deerwood Park Blvd Ste 300
Jacksonville, FL  32256-2805

Guillermo Pesant Esq
1313 Ponce de Leon Blvd  #301
Coral Gables, FL 33134-3343


Maria Yip
201 Alhambra Cir # 501
Coral Gables, FL 33134-5105

Reynol Nieto
14960 SW 180th St
Miami, FL 33187-6274


    The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
    by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Capital One
PO Box 85520
Richmond, VA  23285-5520

Hsbc/Bestbuy
PO Box 15519
Wilmington, DE  19850-5519

Nissan-infiniti Lt
2901 Kinwest Pkwy
Irving, TX  75063-5816


    The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)The Bank of New York Mellon f/k/a The Bank        (u)Miami                                (d)Atlas Acquisitions LLC
                                                                                             294 Union St.
                                                                                             Hackensack, NJ 07601-4303


(d)Nissan-Infiniti LT                         End of Label Matrix
PO Box 660366 Dallas  TX 75266-0366           Mailable recipients     34
                                              Bypassed recipients       4
                                              Total                    38

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WWW.FLSB.USCOURTS.GOV

In re:                                      :                CASE NO.: 13-26883-AJC
                                            :
    REYNOL NIETO                            :                CHAPTER 7
                                            :
        Debtor.                             :
_____/

## STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS

This Stipulation is entered into between Maria Yip ("the Trustee"), and Reynol Nieto ("the Debtor"), on September 18, 2013.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 18, 2013;

WHEREAS, Maria Yip is the duly appointed Chapter 7 Trustee;

WHEREAS, on Schedule B, the Debtor listed Household goods with a value of $400.00;

WHEREAS, the Trustee contends that the Household goods listed on Schedule B may have been undervalued;

WHEREAS, based on the Rental income listed on Schedule I for the property located at 3115 SW 124 Court, Miami, Florida 33175, the Trustee asserts that the Rental Income collected by the Debtor after the filing of his voluntary petition should be included as an asset of the Debtor's Estate in the amount of $1,600.00;

WHEREAS, the Debtor has claimed a portion of the Household goods as exempt;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their

settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1.      The Debtor will pay the Trustee $3,500.00. The payment shall be made in a lump sum amount due on or before October 1, 2013.

2.      The payment will be by cashier's check or money order made payable to the order of Maria Yip, Trustee and mailed to the Trustee's office at: 201 Alhambra Cir. #501, Coral Gables, FL 33134. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3.      As part of this Settlement, the Debtor agrees that the deadline for the Trustee to object to claimed exemptions and discharge shall be extended until ten (10) days after the entry of any order approving this Stipulation is entered, and that the Trustee may file an agreed motion necessary to effectuate such extension.

4.      As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), is true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5.      If the Debtor complies with all the terms of this Stipulation, he will keep all the

2

real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

6.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

7.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

8.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

9.      This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

10.     If the Debtor fails to timely make the payment described in paragraph 1, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

11.     In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at an annual rate of 5%, attorneys' fees and costs.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the Debtor's discharge will not be revoked without a

3

hearing.

12.    This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

13.    The Trustee has accepted this settlement subject to this Court's approval.

14.    All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

15.    Time is of the essence as to all deadlines within this stipulation.

16.    This agreement represents the full and complete understanding of the parties.

17.    The Trustee believes that this agreement is in the best interest of the estate.

18.    This agreement may be signed in counterparts.

19.    The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

(INTENTIONALLY LEFT BLANK)

---
REYNOL NIETO                              DATE
DEBTOR

---
GUILLERMO PESANT, ESQ.         DATE 8/19/13
DEBTOR'S ATTORNEY

---
MARIA YIP                                   DATE 9/20/13
TRUSTEE

5

EXHIBIT "B"

PROPOSED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In Re:                                    Case No. 13-26883-AJC

Reynol Nieto                              Chapter 7 Proceeding

_____Debtor(s)_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

**THIS CAUSE** came before this Court upon the Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Motion"). The Court having reviewed the Motion and the certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in re Justice Oaks II, Ltd. 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interest of the Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is **ORDERED AND ADJUDGED**:

1. The Motion is GRANTED.

2. The proceeds of $3,500.00 are allocated as follows:

   - $1,900.00              (attributable to Household goods); and

   - $1,600.00              (attributable to the rental income).

3. The compromise and settlement is approved on the terms and conditions set forth in the Motion and Stipulation attached to the Motion.

4. The Court incorporates the terms of the Stipulation into this Order and retain jurisdiction to enforce the terms thereof.


### ###


**Submitted by:**
Maria M. Yip, Trustee
201 Alhambra Circle, Suite 501
Coral Gables, FL 33134
Telephone:  305-908-1862
Facsimile:   786-800-3903
trustee@yipcpa.com

**Copies Furnished to:**
Maria M. Yip, Trustee

*Trustee Yip is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.*